IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL L. BOGAN, )
 )
       Plaintiff, )
 )
v. ) Civil Action No. 3:09CV705–HEH
 )
THE ROOMSTORE, INC., )
 )
       Defendant. )

## MEMORANDUM OPINION
(Denying Defendant's Motion to Dismiss)

This is a Title VII employment discrimination action. The case is before the Court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties have filed memoranda in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons stated herein, Defendant's Motion to Dismiss is denied.

## I.

In 2007, Plaintiff Michael L. Bogan ("Bogan") was employed by Defendant Roomstore, Inc. ("Roomstore"). Bogan, an African American, alleges that he refused to take a drug-screening test as ordered by his Caucasian supervisor, Jonathan Paige. Bogan alleges that he refused to take the test because a Caucasian counterpart was not required to take a drug test even though, according to Bogan, that employee was

involved in illegal activity and missed several days of work. Although, Plaintiff later consented to the drug test, he claims that he was nonetheless terminated for refusing to submit to the test. Bogan filed a complaint with the Equal Employment Opportunity Commission (EEOC), which dismissed the case on March 31, 2009. The EEOC notified Bogan that he may file a lawsuit in state or federal court and that the suit must be filed within 90 days of the receipt of the notice of dismissal.

According to the Defendant, Bogan filed a complaint in the United States District Court for the District of Massachusetts seeking damages for employment discrimination on June 12, 2009. The District of Massachusetts dismissed Bogan's case for lack of personal jurisdiction on October 5, 2009. Plaintiff then filed his Complaint in the instant case alleging employment discrimination on the basis of race on November 3, 2009.

Defendant filed this Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.

#### A. 90 Day Requirement to File Suit

Defendant argues that Plaintiff's claim is time-barred by the requirement of 42 U.S.C. § 2000e-5(f)(1) that requires filing suit within ninety (90) days of the receipt of a right-to-sue letter. Defendant argues that this procedural default amounts to a failure by Plaintiff to state a claim upon which relief can be granted.

> [A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6) . . . generally cannot reach the merits of an affirmative defense, such as the defense

> that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense clearly appear[] on the face of the complaint . . . .

*Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (internal quotations omitted). In this case, determination of whether Plaintiff's complaint violates the 90-day requirement necessitates consideration of numerous facts outside of the Complaint, including the EEOC's right-to-sue letter, potentially the proceedings before the Massachusetts United States District Court, and any information regarding equitable tolling of the 90-day period submitted by the Plaintiff.

A court may consider public records outside of the complaint in weighing a motion to dismiss pursuant to Rule 12(b)(6). *Carter v. Baltimore Co.*, 39 Fed.App'x 930, 933 (4th Cir. 2002) (citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir.2001)). In the immediate case, however, the Complaint provides an insufficient informational basis to determine at this stage if Plaintiff's claims are barred by the statute of limitations. Resolution of this issue must await development of a more complete record.

### B. Failure to State a Claim for Employment Discrimination Under Title VII

Defendant further argues that Plaintiff's Complaint fails to state facts sufficient to support a claim for race discrimination under Title VII. There are several forms of employment discrimination recognized under Title VII, and Plaintiff does not

specifically state which theory he relies on in this case. The two theories that appear most applicable are disparate treatment and discriminatory discipline. These two claims have different elements, and the Court will determine whether the Complaint sufficiently states a cause of action under either.

As a preliminary matter, the Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

To sufficiently plead an actionable claim of disparate treatment, the Plaintiff must state facts demonstrating that: (1) he is a member of a protected class; (2) he has satisfactory job performance; (3) he was subjected to adverse employment action; and (4) similarly situated employees outside his class received more favorable treatment. See *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007), *cert. denied*, 128 S. Ct. 955 (2008). Plaintiff has not pled any facts to support that he has satisfactory job performance. Accordingly, the Court cannot find that he sufficiently states a claim for disparate treatment.

In order to sufficiently plead a claim for discriminatory discipline, the Plaintiff must state facts showing that: (1) he is a member of a protected class; (2) his prohibited conduct was comparably serious to misconduct by employees outside the protected class; and (3) the disciplinary measures taken against him were more harsh than those

enforced against other employees. *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993). Certainly, Bogan, as an African-American, is a member of a protected class. *Love-Lane v. Martin*, 355 F.3d 766, 787 (4th Cir. 2004). As to the second element, Bogan does not state what circumstances led to his employer's request to take a urine test, but does state that he refused. He also claims that a similarly situated Caucasian employee had poor work attendance, engaged in drug use and other criminal acts, but was not dismissed. Such disparate disposition of comparable inappropriate behavior could plausibly satisfy the third element.

Admittedly, Bogan's Complaint provides a scant but marginally sufficient factual basis for his claim. The Court is initially mindful that Bogan is pursuing the case *pro se* and the Court must hold him to less stringent pleading standards. *Estelle*, 429 U.S. 106, 97 S. Ct. 292. Second, the Court need only find that the facts in a complaint enable the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In this case, the essential elements of protected class, prohibited behavior by the complainant and another employee, and disparate disciplinary measures are sufficiently stated such that the Court can draw a "reasonable inference" of liability. Plaintiff's complaint is plausible on its face. *Id.*

Accordingly, Defendant's motion to dismiss for failure to state a claim is denied.


An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Jan. 29, 2010
Richmond, VA